| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert K. Wing, Esq. (SBN 130542) ROBERT K. WING, A PLC 2424 S.E. Bristol Street, Suite 300 Newport Beach, CA 92660 Phone: (949) 261-2246 Fax: (949) 261-0241 | |

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re: | CASE NO.:  8:17-bk-13459 ES |
|---|---|
| FARZANEH LINDQUIST | CHAPTER: 7 |

**NOTICE OF MOTION AND MOTION
FOR RELIEF FROM THE AUTOMATIC
STAY UNDER 11 U.S.C. § 362
(with supporting declarations)
(REAL PROPERTY)**

DATE: HEARING TO BE SET
TIME:
COURTROOM:

Debtor(s).

**Movant:** Michael McLaughlin, Sean McLaughlin

---

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012        ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☒ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 09/14/2017 _____

Robert K. Wing, PLC _____
Printed name of law firm (if applicable)

Robert K. Wing _____
Printed name of individual Movant or attorney for Movant

/S/   ROBERT K. WING _____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                    Page 2                    F 4001-1.RFS.RP.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other *(specify):*
   Movants are Judgment Creditors and recorded an Abstract of Judgment against Debtor's residential real property. (See Below).

2. **The Property at Issue (Property):**

   a. Address:

      *Street address:* 18912 Ridgeview Circle
      *Unit/suite number:*
      *City, state, zip code:* Villa Park, California 92861

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __2__ ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on *(date)* __08/29/2017__ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on *(date)* _____ .

   c. ☐ A plan, if any, was confirmed on *(date)* _____ .

4. **Grounds for Relief from Stay:**

   a. ☐ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☐ Movant's interest in the Property is not adequately protected.

         (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☒ The bankruptcy case was filed in bad faith.

         (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☒ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☒ Other *(see attached continuation page).*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                   Page 3                          F 4001-1.RFS.RP.MOTION

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12
        trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not
        been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to
   § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or
   30 days after the court determined that the Property qualifies as "single asset real estate" as defined in
   11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay,
   hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
        court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.  Movant took postpetition actions against the Property or the Debtor.**

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have
   been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
   with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:


6. **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this
motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set
   forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case
   commencement documents are attached as Exhibit 12____.

d. ☐ Other:


7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                          Page 4                                    **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☐ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐ Confirmation that there is no stay in effect.

5.  ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☒ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  09/14/2017

Robert K. Wing, PLC
_____
Printed name of law firm (*if applicable*)
Robert K. Wing
_____
Printed name of individual Movant or attorney for Movant

/S/   ROBERT K. WING
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*)   Larry G. Noe                                                        , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐  I am the Movant.

    b.  ☒  I am employed by Movant as (*state title and capacity*):
        Attorney for Movants in related State Court Action.  (See Attached Supplemental Declaration.)

    c.  ☐  Other (*specify*):

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (*see attached*):

3.  The Movant is:

    a.  ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b.  ☐  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

    c.  ☐  Servicing agent authorized to act on behalf of the:
        ☐  Holder.
        ☐  Beneficiary.

    d.  ☒  Other (*specify*): Judgement Creditor.  Movants recorded an Abstract of Judgment against Debtor's residential real property.

4.  a.  The address of the Property is:

        *Street address*: 18912 Ridgeview Circle
        *Unit/suite no.*:
        *City, state, zip code*: Villa Park, California 92861

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
        Lot 7 of Tract No. 9765, in the City of Villa Park, County of Orange, State of California, as per map recorded in Book 432 Page(s) 17 and 18 of Miscellaneous Maps in the Office of the County Recorder of said Orange County.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 6                                      F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence      b. ☐ Other residence
   c. ☐ Multi-unit residential     d. ☐ Commercial
   e. ☐ Industrial     f. ☐ Vacant land
   g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) (*specify*): Co-Tenant with Fahimeh L. McLaughlin

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☐ The Debtor ☐ did ☐ did not  list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☒ quitclaim deed ☐ trust deed.
      The deed was recorded on (*date*) 03/31/2014 .

7. Movant holds a ☐ deed of trust ☒ judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 4 .

   b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _____.

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 349,969.63 | $ | $ |
| b. | Accrued interest: | $ 107,002.40 | $ | $ |
| c. | Late charges | $ 0.00 | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 0.00 | $ | $ |
| e. | Advances (property taxes, insurance): | $ 0.00 | $ | $ |
| f. | Less suspense account or partial balance paid: | $[0.00          ] | $[          ] | $[              ] |
| g. | TOTAL CLAIM as of (*date*): | $ 456,972.30 | $ | $ |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) _____ or ☐ none recorded.

   b. Notice of sale recorded on (*date*) _____ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _____ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☐ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☐ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017         Page 7         F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

    An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

    Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
    I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
    By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 8                          F 4001-1.RFS.RP.MOTION

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:


12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

   a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: <u>10/03/2017</u>.
   A plan confirmation hearing currently scheduled for (or concluded on) the following date: <u>11/21/2017</u>.
   A plan was confirmed on the following date (*if applicable*): _____.

   b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

   (See attachment for additional breakdown of information attached as Exhibit _____.)

   c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

   d. Postpetition advances or other charges due but unpaid:                                    $
   (*For details of type and amount, see Exhibit _____*)

   e. Attorneys' fees and costs:                                    $
   (*For details of type and amount, see Exhibit _____*)

   f. Less suspense account or partial paid balance:                  $[                    ]

   TOTAL POSTPETITION DELINQUENCY:                  $

   g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
   An additional payment of $_____ will come due on _____, and on
   the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
   charge of $_____ will be charged to the loan.

   h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
   $_____ received on (*date*) _____
   $_____ received on (*date*) _____
   $_____ received on (*date*) _____

   i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
      A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
      13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☒ Other (specify):
   See attached Supplemental Declaration of Larry G. Noe

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☒ Multiple bankruptcy cases affecting the Property include:
   1. Case name: Fahime Lilly McLaughlin
      Chapter: 13     Case number: 8:16-bk-14750 CB
      Date dismissed: 12/19/2016     Date discharged: _____     Date filed: 11/18/2016
      Relief from stay regarding the Property ☐ was ☐ was not granted.

   2. Case name: Fahime Lilly McLaughlin
      Chapter: 13     Case number: 8:17-bk-10640 CB
      Date dismissed: 03/08/2017     Date discharged: _____     Date filed: 02/21/2017
      Relief from stay regarding the Property ☐ was ☐ was not granted.

   3. Case name: Farzaneh Lindquist
      Chapter: 13     Case number: 8:17-bk-13459 ES
      Date dismissed: _____     Date discharged: _____     Date filed: _____
      Relief from stay regarding the Property ☐ was ☐ was not granted.

☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 10                                    F 4001-1.RFS.RP.MOTION

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/13/2017 | Larry G. Noe | _Larry G. Noe_ |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 11                              F 4001-1.RFS.RP.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2424 S.E. Bristol, Suite 300, Newport Beach,, CA 92660

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/19/2017 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane (SA) Cohen (TR) efile@ch13ac.com
Valerie Smith   claims@recoverycorp.com
United States Trustee (SA) ustpregion16sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 09/19/2017 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | | |
|---|---|---|---|
| Honorable Erithe A. Smith | Farzaneh Linquist | Fahimeh L. McLaughlin | United Wholesale Mortgage |
| US Bankruptcy Court | 18912 Ridgeview Cir. | 18912 Ridgeview Cir. | Attn:  Executive Manager |
| 411 W. Fourth Street, Suite 5040 | Villa Park, CA 92861 | Villa Park, CA 92861 | 1414 East Maple Road |
| Santa Ana, CA 92701 | | | Troy, MI 48083 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/19/2017 | Rovert K. Wing | /S/ ROBERT K. WING |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1  Robert K. Wing, Esq. (SBN 130542)
   Robert K. Wing, A Professional
2  Law Corporation
   2424 S.E. Bristol, Suite 300
3  Newport Beach, CA 92660
   Telephone:  (949) 261-2246
4  Facsimile:   (949) 261-0241

5  Attorneys for Sean McLaughlin, Michael McLaughlin,
        Secured Creditors

6

7

8                    UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

11  FARZANEH LINDQUIST              )    Case No. 8:17-BK-13459 ES
                                    )
12          Chapter 13 Debtor.      )    Chapter 13
                                    )
13                                  )    **MEMORANDUM OF POINTS AND
                                    )    AUTHORITIES SUBMITTED IN
14                                  )    SUPPORT OF MOTION FOR RELIEF OF
                                    )    STAY – *IN REM***
15                                  )
                                         [HEARING TO BE SET]
16  _____

17                                  I

18       **DEBTOR'S BAD FAITH BANKRUPTCY FILING IS**

19       **PART OF A PLAN OR SCHEME TO DELAY, HINDER**

20       **AND DEFRAUD MOVANT AND THEREFOR RELIEF**

21       **OF STAY SHOULD BE GRANTED *IN REM***

22

23          The debtor's bad faith (or lack of good faith) in filing the bankruptcy case is cause for

24  granting relief from the stay. *In re Arnold* (9th Cir. 1986), 806 F2d 937,939. Before Section

25  362(d)(4) in rem relief of stay can be granted, the court must find:

26          (1) the party seeking relief is a creditor whose claim is secured by a security interest

27  in Debtor's real property, and

28

1   (2) the filing was part of *"a scheme to delay, hinder, and defraud creditors that*

2   *involved* either (A) Transfer of all or part ownership of (or other interest in) the real property

3   without the secured creditors consent or court approval; or (B*) multiple bankruptcy filings*

4   *affecting such real property.* 11 USC Sec. 362(d)(4)(A) & (B); *In re First Yorkshire Holdings,*

5   *Inc.* (9th Cir BAP 2012) 470 BR 864, 870-871.

6   A "scheme" for purposes of 362(d)(4) is an intentional "artful plot or plan adopted for

7   the nefarious purposes specified in the statute to delay, hinder and defraud creditors through

8   multiple bankruptcy filings or an improper transfer of the property.*" In re Duncan & Forbes*

9   *Development, Inc.* (Bankr. C.D. Cal. 2006), 368 B.R. 27. Because direct evidence of a scheme to

10  delay, hinder and defraud creditors is rare, the court may *infer* the existence and contents of an

11  unlawful scheme form circumstantial evidence. In re Duncan & Forbes Develop., Inc supra., 368

12  BR at 32.

13  To qualify for relief from the automatic stay *in rem* under 362(d)(4) Movant must

14  show that the Debtor engaged in a scheme to delay and hinder creditors. To delay and hinder a

15  creditor is to forestall its efforts in collecting on its debt lawfully. *In re Braus*, 248 F. 55, 64 (2d

16  Cir. 1917). Moreover, a scheme to defraud creditors means an intent to avoid paying them. 4

17  James William Moore, Collier on Bankruptcy Par. 67.37 (14th ed. 1978).

18  As stated more fully in the accompanying Declaration of Larry G. Noe, Debtor,

19  through multiple incomplete bankruptcy filings affecting the property (each filed on the eve of

20  Movant's Sheriff's sale) which were summarily dismissed by the Court for failure to file

21  schedules, statements and or plan and included deliberate and deceptive misspellings of

22  petitioner's name and omission of petitioner's last name, Debtor's filing a notice of third party

23  claim to assert her alleged fractional property ownership interest in the subject property within the

24  parties related State Court Action, have allowed this Debtor to stop Movant's Sheriff's Sale of

25  Debtor's residential real property on four (4) prior occasions within the past eight (8) months.

26  Debtor's bad faith bankruptcy filing and ongoing plan and scheme to hinder, delay and defraud

27  Movant (no other creditor is listed within Debtor's initial incomplete Chapter 13 filing), provides

28  ample cause to grant the instant Motion for relief of Stay -- *In Rem.*

Mtnrfsmpas                    2.

II

## STATEMENT OF FACTS

On January 16, 2015, the State of New York (Supreme Court), County of Broome, entered a Judgment for fraud in favor of Movant and against Fahime L. McLaughlin, Movant's former Step-Mother, in the amount of $349,696.63 plus post-judgment interest at the rate of nine percent (9%) per annum. In March 2014, Fahimeh L. McLaughlin[1] and Farzaneh Lindquist Khatami held title as joint tenants to the residential real property commonly known as 18912 Ridgeview Circle, Villa Park, California (hereinafter "Villa Park Property"). The Villa Park Property is subject to a single mortgage held by United Wholesale Mortgage (hereinafter "UWM"). Debtor does not list UWM as a creditor in her initial bankruptcy filing.

On September 24, 2015, following entry of the New York Sister State Judgment with the Orange County Superior Court on August 25, 2015, Movant recorded an Abstract of Judgment against the Villa Park Property. To satisfy the Judgment Movant caused a "Notice of Sheriff's Sale of Real Property" to be issued and served upon all interested parties. The sale was set for November 22, 2016. However, on November 18, 2016, three (3) days before the Sheriff's sale, Fahimeh L. McLaughlin, a joint tenant to the Villa Park Property, caused an incomplete Chapter 13 bankruptcy to be filed with the Court (Case No. 8:16-bk-14750-CB) in order to stop the Sheriff's Sale. Fahimeh McLaughlin lists the Villa Park Property as her primary residence. Although Fahimeh McLaughlin had filed a motion to extend time to file schedules, statements and Chapter 13 plan which was granted by the Court on December 5, 2016, the case was later dismissed on December 19, 2016 for failure to file schedules, statements and/or plan.

Thereafter, Movant reset the Sheriff's sale for the Villa Park Property on February 22, 2017. However, on February 21, 2017, one day before the second rescheduled Sheriff's sale, Fahimeh L. McLaughlin, once again, caused a second incomplete Chapter 13 bankruptcy to be

---

[1]    Fahime L. McLaughlin, aka Fahimeh L. McLaughlin added the "h" to her first name in 2014 pursuant to the Grant Deed attached as Exhibit "2". Fahime L. McLaughlin and her niece Pandora Zamanian were named co-defendants in the New York Action and the New York Court entered a Judgment finding each had filed false claims against the John McLaughlin probate estate. Pandora Zamanian is the daughter of Debtor Lindquist.

1  filed with the Court in order to stop the Sheriff's Sale.(Case No. 8:17-bk-10640-CB). Similarly,

2  fourteen (14) days after the second McLaughlin Chapter 13 had been filed, rather than file the

3  requisite schedules, statements and plan, Fahimeh L. McLaughlin filed a Request for Voluntary

4  Dismissal of Case which the Court granted the following day on March 8, 2017. It should be

5  noted that page 2, paragraph 4 of the Motion to Dismiss Fahimeh L. McLaughlin states, in part, *"I

6  now realize that the filing of the Chapter 13 bankruptcy was necessary but may not resolve my

7  financial issues with the Judgement creditor"*. No other reason for the second bankruptcy filing

8  was stated in the Motion to Dismiss.  Moreover, Movant was the only creditor listed within the

9  Motion to Dismiss Proof of Service.

10      Thereafter, Movant, for the third time, reset the Sheriff's sale for the Villa Park

11  Property on June 15, 2017. However, on June 13, 2017, two (2) days prior to the third scheduled

12  Sheriff's Sale, Farzaneh Lindquist Khatami,[2] Chapter 13 Debtor herein, caused a pleading entitled

13  "Third Party Claim of Ownership of Farzaneh Linquist Khatami" to be filed in connection with

14  Movant's State Court Action. The filing of Ms. Lindquist's Third Party claim effectively stayed

15  Movant's June 25, 2017 Sheriff's Sale. The State Court ultimately ruled that since the Lindquist /

16  Khatami Third Party Claim had been filed late, the Third Party Claim would be ignored by the

17  Court and Movant was permitted to re-notice the Sheriff's Sale of the Villa Park Property.  Debtor

18  has done nothing to prosecute her Third Party Claim and the State Court since ruled it was not

19  valid or enforceable. Pursuant to State Court Orders Movant reset the Sheriff's Sale for the fourth

20  time on August 30, 2017.

21      However, predictably and consistent with Debtor's ongoing plan and scheme to

22  hinder, delay and defraud Movant and otherwise prevent the Sheriff's sale, on August 29, 2017,

23  one day before the scheduled Sheriff's Sale of the Villa Park Property, Debtor caused the within

24  Chapter 13 Bankruptcy Petition to be filed with the Court.  This incomplete filing omits Debtor's

25  apparent last name (*i.e.*, Khatami), misspells Debtor's middle (or last) name as "Lindquist" and,

26  _____

27  [2]    It is noteworthy that Chapter 13 Debtor Farzaneh Lindquist's Third Party Claim incorrectly
spells her middle (or last) name "Linquist" the letter "d" is omitted and Debtor's current Chapter
13 Petition also misspells her first name as "Fahine"and further omits Debtor's entire last name

28  "Khatami" in paragraphs 1 and 2 to Lindquist's Petition.

1   similar to the two (2) previous Chapter 13 bankruptcies filed by Fahimeh L. McLaughlin, Debtor

2   lists only Movant as a creditor in the case.

3         Movant submits the above chain of events amply demonstrate McLaughlin and

4   Lindquist's ongoing plan and scheme to misuse and abuse the benefits and protections afforded

5   by the Bankruptcy code and this Bankruptcy Court, for no reason other than to hinder, delay, and

6   defraud Movant and to interfere with Movant's Sheriff's Sale of the Villa Park Property.

7   September 14, 2017, was the deadline for Debtor to file her Schedules, Statements and plan as

8   required by FRBP, Rule 3015(b). Consistent with all three (3) previous bankruptcies filed by

9   McLaughlin and Lindquist the past nine (9) months, Debtor, failed to file the mandatory

10   commencement documents but instead, opted to file an unsubstantiated motion for extension to

11   file schedules, statements or plan with the Court.

12         Debtor's bad faith filing of this case is evidenced by the previous McLaughlin and

13   Lindquist multiple bankruptcy filings, each filing on the eve of Movant's Sheriff's Sale of the

14   Villa Park Property, the petitions fraught with deliberate misspelling of portions of both joint

15   tenant names and in one case, omission of Debtor's entire last name, all of which were dismissed

16   by the Court for failure to file the prescribed commencement documents, and constitutes a blatant

17   ongoing abuse and misuse of the bankruptcy system and disregard for the authority of this Court.

18   This wrongful, manipulative and deceitful plan and scheme to hinder, delay and defraud Movant

19   can only be stopped by the Court's entry of an Order to grant Movant's Motion for Relief of Stay

20   In-Rem as pertains to the above Villa Park Property.

21

22   Date: September 15, 2017            ROBERT K WING, PLC

23

24                      By: _____

25                        Robert K Wing, Counsel for Movant

26

27

28

Mtnrfsmpas                  5.